FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 18, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DOROTHEANN A.,[1] <br><br> Plaintiff, <br><br> vs. <br><br> KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,[2] <br><br> Defendant. | No. 1:20-cv-03112-MKD <br><br> ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT <br><br> ECF Nos. 17, 18 |

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

[2] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

ORDER - 1

Before the Court are the parties' cross-motions for summary judgment. ECF Nos. 17, 18. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court denies Plaintiff's motion, ECF No. 17, and grants Defendant's motion, ECF No. 18.

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152,

ORDER - 2

1156 (9th Cir. 2001).  If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."  *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012).  Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless."  *Id*.  An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination."  *Id*. at 1115 (quotation and citation omitted).  The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A).  Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

ORDER - 3

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 416.920(d).

ORDER - 4

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis

ORDER - 5

concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On December 6, 2016, Plaintiff applied for Title XVI supplemental security income benefits alleging an amended disability onset date of December 6, 2016.[3]

---

[3] Plaintiff previously applied for Title XVI benefits on March 18, 2013; the application was denied and resulted in a September 26, 2016 unfavorable decision from an ALJ. Tr. 199-21. At the 2019 hearing the ALJ found that although the prior unfavorable ALJ decision created a presumption of continuing non-disability under *Chavez*, the presumption had been rebutted because of the change in criteria in evaluating mental health impairments. Tr. 18, *see Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1998); *see also* Acquiescence Ruling (AR) 97-4(9), available at 1997 WL 742758 at *3.

ORDER - 6

Tr. 18, 222, 355-63, 371-76. The application was denied initially, and on reconsideration. Tr. 260-68, 273-79. Plaintiff appeared before an administrative law judge (ALJ) on July 15, 2019. Tr. 175-98. On September 5, 2019, the ALJ denied Plaintiff's claim. Tr. 15-36.

At step one of the sequential evaluation process, the ALJ found Plaintiff has not engaged in substantial gainful activity since the amended onset date, December 6, 2016. Tr. 20. At step two, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease, cervicalgia, fibromyalgia, migraine headaches, post-traumatic stress disorder/anxiety disorder, and depressive disorder. *Id.*

At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 21. The ALJ then concluded that Plaintiff has the RFC to perform light work with the following limitations:

> [S]he is limited to no overhead reaching; she can occasionally climb stairs; she can occasionally balance, stoop, kneel, crouch, and crawl; she can never climb ladders; she must avoid concentrated exposure to hazards, fumes, odors[,] dust, and gases, extreme cold, and vibration; she is limited to jobs with simple routine instructions, tasks, and decisions, few workplace changes, no contact with the public; incidental contact with coworkers; and she would be off task for 10% of the workday.

Tr. 22.

ORDER - 7

At step four, the ALJ found Plaintiff has no past relevant work.  Tr. 28.  At step five, the ALJ found that, considering Plaintiff's age, education, work experience, RFC, and testimony from the vocational expert, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as garment folder, small products assembler, and hand packager.  Tr. 28-29.  Therefore, the ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from the date of the application through the date of the decision.  Tr. 29.

On May 19, 2020, the Appeals Council denied review of the ALJ's decision, Tr. 1-7, making the ALJ's decision the Commissioner's final decision for purposes of judicial review.  *See* 42 U.S.C. § 1383(c)(3).

**ISSUES**

Plaintiff seeks judicial review of the Commissioner's final decision denying her supplemental security income benefits under Title XVI of the Social Security Act.  Plaintiff raises the following issue for review:

1. Whether the ALJ properly evaluated the medical opinion evidence.

ECF No. 17 at 2.

ORDER - 8

# DISCUSSION

## A. Medical Opinion Evidence

Plaintiff contends the ALJ erred in rejecting the opinion of Steven O. Foster, D.O., in favor of Debra Baylor, M.D. ECF No. 17 at 7-20.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari,* 246 F.3d 1195, 1201-02 (9th Cir. 2001) (citations omitted). Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's. *Id.* at 1202. "In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists." *Id.* (citations omitted).

If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported

ORDER - 9

by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (internal quotation marks and brackets omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995)).

Generally, an ALJ should accord more weight to the opinion of a treating or examining physician than to that of a non-examining physician. *See Andrews v. Shalala*, 53 F.3d 1035, 1040-41 (9th Cir. 1995). However, the opinion of a non-examining physician may serve as substantial evidence if it is "supported by other evidence in the record and [is] consistent with it." *Id.* at 1041.

   1. Dr. Foster

On June 20, 2019, Dr. Foster, Plaintiff's treating physician, completed a physical assessment form on Plaintiff's behalf. Tr. 1363-64. Dr. Foster indicated her diagnoses were "spondylosis of lumbar spine, cervicalgia." Tr. 1363. He opined her symptoms were frequently severe enough to interfere with the attention and concentration required to perform simple work-related tasks; he identified "dizziness, fatigue, nausea" as side effects of her medications which may impact her ability to work; and he indicated Plaintiff would need to recline or lie down in excess of typical breaks in a hypothetical eight hour workday. *Id.* He estimated

ORDER - 10

that if she were placed in a competitive work environment on a sustained basis, she would be able to walk one to two city blocks without rest or significant pain; she could sit a total of two hours and stand and walk a total of one hour in an eight hour day; she would need to take unscheduled breaks lasting one hour every one to two hours during an eight hour workday; and she could occasionally lift less than 10 pounds but should never lift 10 pounds or more. *Id.* Dr. Foster estimated Plaintiff was likely to be absent from work more than four times a month as a result of her impairments or treatments. Tr. 1364. He also indicated that Plaintiff's impairments, defined as "physical impairments plus any emotional impairments" were reasonably consistent with the symptoms and functional limitations described on the form. *Id.* The ALJ gave Dr. Foster's opinion little weight. Tr. 26. Because Dr. Foster's opinion was contradicted by reviewing physician Dr. Baylor, Tr. 249-51, the ALJ was required to provide specific and legitimate reasons to reject Dr. Foster's opinion. *Bayliss*, 427 F.3d at 1216.

The ALJ found Dr. Foster's opinion of extreme limitations to be inconsistent with his treatment notes. Tr. 26. A medical opinion may be rejected if it is unsupported by medical findings. *Bray*, 554 F.3d at 1228; *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001); *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). Furthermore, a

ORDER - 11

physician's opinion may be rejected if it is unsupported by the physician's treatment notes. *Connett v. Barnhart*, 340 F.3d 871, 875 (9th Cir. 2003). Here, the ALJ found Dr. Foster's opinion was inconsistent with his treatment notes because "Dr. Foster assessed the [Plaintiff's] back condition was stable. The [Plaintiff] was reportedly doing well and her pain was controlled with medication. She had normal strength and range of motion on exam. She denied headaches." Tr. 26.

Elsewhere in the decision, the ALJ discusses Dr. Foster's records. Tr. 23-24. The ALJ notes that "in October 2016, Steven Foster, DO assessed the [Plaintiff's] musculoskeletal pain as intermittent and stable," Tr. 23 (citing Tr. 1057). The ALJ also notes a visit with Dr. Foster in March 2017, where Plaintiff reported she was doing well with her chronic issues except for symptoms of fatigue. Tr. 24 (citing Tr. 923-25). The ALJ noted Dr. Foster's report at that time that she had no joint swelling or muscle weakness, no headaches, numbness or tingling, and generally "normal exam findings." *Id.* Dr. Foster also indicated her fatigue might be an exacerbation of depression. Tr. 925. Upon physical exam Dr. Foster noted no pain on palpitation of the spine, normal muscle tone, and gross movement of extremities without restriction; her gait was normal. Tr. 924. Dr. Foster's only assessment at that visit was fatigue, unspecified type; moderate episode of recurrent major depressive disorder; and routine health maintenance. Tr. 925.

ORDER - 12

The ALJ also noted "generally benign findings" in treatment records overall, explaining that at a visit in January 2019, Dr. Foster indicated Plaintiff was overall doing well and taking medications as prescribed; Dr. Foster noted Plaintiff's report that her neck and back pain were controlled with current medications, she denied any muscle spasm or weakness, and upon exam he observed she had no pain on palpation of the spine, normal muscle tone, and gross movement of extremities without restriction. Tr. 24 (citing 1081-82). Dr. Foster noted Plaintiff was to continue treatment with a pain management clinic. Tr. 1082. Given the generally normal findings by Dr. Foster, the ALJ reasonably found that Dr. Foster's opinion was inconsistent with his treatment notes. This was a specific and legitimate reason, supported by substantial evidence, to reject Dr. Foster's opinion.

The ALJ also gave more weight to the opinion of Dr. Baylor than to the opinion of Dr. Foster. Tr. 26. In September 2017, Dr. Baylor opined Plaintiff could occasionally lift and carry 20 pounds and frequently lift and carry 10 pounds; she could stand and walk a total of about six hours in an eight hour workday and sit for a total of about six hours in an eight hour workday; she could occasionally climb ramps and stairs, but should never climb ladders, ropes, and scaffolds; she could occasionally balance, stoop, kneel, crouch, and crawl; she should not reach overhead with bilateral upper extremities; she should avoid concentrated exposure to extreme cold, noise, vibration, fumes, odors, dusts, gases, and poor ventilation;

ORDER - 13

and she should avoid concentrated exposure to hazards such as machinery and heights.  Tr. 249-51.

The ALJ gave significant weight to the opinion of Dr. Baylor because Dr. Baylor reviewed the record; "her opinion is consistent with images of the spine, which are generally mild"; her opinion is "consistent with physical exams, which consistently show normal gait and full strength.  The [Plaintiff] has mostly normal movement of her extremities"; and because Dr. Baylor's opinion "is also consistent with Plaintiff's activities" such as personal care, working in a garden, and "going camping during the relevant period."  Tr. 26.

First, the ALJ found Dr. Baylor's opinion was consistent with imaging of Plaintiff's spine, which was generally mild.  Tr. 26.  Elsewhere in the decision, the ALJ noted an MRI of Plaintiff's cervical spine in April 2016 showed mild stenosis of the canal of C5-6 and C6-7 disc levels and mild neural foraminal stenosis.  Tr. 23 (citing Tr. 577, *see also* 1148).  The ALJ also noted an MRI of her lumbar spine in February 2019 showed a small central protrusion of the L5-S1 disc, mild degeneration and bulging of the L4-5 disc, and mild facet arthrosis at L4-5 and L5-S1.  Tr. 24 (citing 1160).  Given the imaging reports in the record, the ALJ's finding that Dr. Baylor's opinion was consistent with imaging of Plaintiff's spine is supported by substantial evidence.

ORDER - 14

Next, the ALJ found Dr. Baylor's opinion was consistent with physical exams, which consistently show normal gait, full strength, and mostly normal movement of the extremities. Tr. 26. This finding is consistent with Dr. Foster's physical exams, as explained *supra*. Elsewhere in the decision the ALJ also noted that despite Plaintiff's allegations of limited ability to lift, sit, and stand, "physical exams consistently indicate 5/5 strength, appropriate/normal gait, no decreased range of motion, and normal neurological findings. Tr. 23, *see e.g.*, Tr. 538, 1666, 1669-70. While Plaintiff points out that she still reported 8/10 pain level despite treatment including physical therapy, medication, and injections, ECF No. 17 at 11-13, Defendant notes Plaintiff also reported her medication was working, plaintiff "appeared well," and physical exams were generally normal. ECF No. 18 at 5-6. Defendant also points out that the ALJ found Plaintiff's self-reports were not always reliable, noting a consultative examiner reported "exaggerated pain behavior" and assessed malingering in 2016. ECF No. 18 at 7; Tr. 25 (citing Tr. 528-532). Even if the medical opinion evidence could be interpreted more favorably to Plaintiff, if it is susceptible to more than one rational interpretation, the ALJ's ultimate conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Given Dr. Foster's exams, *supra*, and other generally normal exams in the record, the ALJ's finding that Dr. Baylor's opinion was consistent with physical exams is supported by substantial evidence.

Finally, the ALJ found Dr. Baylor's opinion was consistent with Plaintiff's activities, noting that while Plaintiff testified to limited activities, the "record shows she is independent in personal care. She worked in a garden and went camping during the relevant period." Tr. 26, *see* Tr. 933, 946, 1647. Elsewhere in the decision the ALJ also noted that Plaintiff prepared meals, played games on her phone, shopped in stores, and took the bus. Tr. 21. On this record, the ALJ reasonably determined that Dr. Baylor's opinion was consistent with Plaintiff's activities.

The ALJ reasonably gave little weight to Dr. Foster's opinion because Dr. Foster's opinion was inconsistent with his treatment records. This was a specific and legitimate reason, supported by substantial evidence, to reject Dr. Foster's opinion. The ALJ also did not err by giving substantial weight to the opinion of Dr. Baylor, because the reviewing doctor's opinion was supported by and consistent with other evidence in the record. Plaintiff is not entitled to remand on this issue.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is supported by substantial evidence and is free of harmful legal error. Accordingly, **IT IS HEREBY ORDERED**:

ORDER - 16

1. The District Court Executive is directed to substitute Kilolo Kijakazi as Defendant and update the docket sheet.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 17**, is **DENIED**.

3. Defendant's Motion for Summary Judgment, **ECF No. 18**, is **GRANTED**.

4. The Clerk's Office shall enter **JUDGMENT** in favor of Defendant.

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE**.

DATED March 18, 2022.

<u>s/Mary K. Dimke</u><br>
MARY K. DIMKE<br>
UNITED STATES DISTRICT JUDGE

ORDER - 17